# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE DOLLAR,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 2:15-cv-00712-APG-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se Plaintiff George Dollar's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on April 17, 2015. Also before the court is Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. (Compl. (ECF No. 1-1).)

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

### A. Background

Plaintiff alleges that on July 24, 2014, two Las Vegas Metropolitan Police Department ("LVMPD") officers sought to arrest him on false charges and when they were unable to do so, they arrested him for possessing a box cutter in violation of Nevada Revised Statutes § 202.350.[1] (Compl. (ECF No. 1-1) at 2-3.) Plaintiff alleges that the arrest was racially motivated. (*Id.* at 3.) Plaintiff further alleges that as a result of the arrest, he spent 34 days in jail, which resulted in him losing work and his apartment. (*Id.* at 3-4.)

---

[1] Section 202.350 provides that certain dangerous or deadly weapons may not be possessed or carried concealed by any person, unless that person is expressly exempt from the provisions of the statute.

Plaintiff contends that he fought the issue in Justice Court and that the district attorney attempted to force him into making an erroneous plea deal to cover up the LVMPD officers' bad actions. (*Id.* at 3.) According to Plaintiff, the charges were dismissed based on proof of racial profiling by the LVMPD officers and "abuse of badge." (*Id.*) Plaintiff also contends that the LVMPD Sheriff and the Mayor of Las Vegas allowed the LVMPD officers to violate his civil rights. (*Id.* at 2-3.)

Plaintiff now brings claims for violation of the Fourth Amendment (claim one) and Fourteenth Amendment (claim two) against Defendants John Doe LVMPD Officer #1, John Doe LVMPD Officer #2, LVMPD Sheriff, the Clark County District Attorney, and the Mayor of Las Vegas. (*Id.* at 2-5.) Specifically, in count one, Plaintiff alleges that "[b]y abusing its powers, LVMPD caused me to spend 34 days in jail, thus making me lose property, liberty and employment." (*Id.* at 4.) In count two, Plaintiff alleges that "defendants, via its police arm (LVMPD) so violated my right to liberty and property." (*Id.* at 5.) Based on these allegations, the court understands Plaintiff to be alleging Fourth Amendment unlawful arrest and Fourteenth Amendment due process violation claims.

**B.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C.    Analysis**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

*1.    Official Capacity Claims Against LVMPD Officers*

In his complaint, Plaintiff states that he is suing the LVMPD Officers in their official and individual capacities. Generally, state officers sued in their official capacity are not "persons" under § 1983 and therefore may not be sued under the statute. *Hafer v. Milo*, 502 U.S. 21, 27 (1991); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer*, 502 U.S. at 25. In an official capacity claim, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *See id.*

1    Here, Plaintiff does not allege a particular statement, ordinance, regulation, decision, or
2 custom on the part of the state exists that violates his constitutional rights. The court therefore will
3 recommend dismissal of Plaintiff's official capacity claims against Defendants John Doe LVMPD
4 Officer #1 and John Doe LVMPD Officer #2, with leave to amend.

5               2.     *Personal Capacity Claims Against LVMPD Officers*

6    State officials sued in their personal capacity are persons for purposes of § 1983. *See Hafer*,
7 502 U.S. at 31; *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). The court therefore will analyze
8 Plaintiff's Fourth and Fourteenth Amendment claims against the arresting officers in their
9 individual capacities.

10                     a.     Fourth Amendment

11   "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth
12 Amendment, provided the arrest was without probable cause or other justification.'"
13 *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011)
14 (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause
15 exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting
16 officers (or within the knowledge of the other officers at the scene), a prudent person would believe
17 the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing
18 *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

19   Here, Plaintiff alleges that two unnamed LVMPD officers sought to arrest him on false
20 charges and when they were unable to do so, they arrested him for possessing a box cutter.
21 Plaintiff further alleges that the arrest was racially motivated. Liberally construing the complaint
22 and taking all allegations in the light most favorable to the Plaintiff, it appears that Plaintiff is
23 attempting to allege that his arrest was without probable cause or justification and that the officers
24 did not believe he had committed a crime, but instead arrested him because of his race. The court
25 therefore finds that Plaintiff states a claim for unlawful arrest under the Fourth Amendment against
26 Defendants John Doe LVMPD Officer #1 and John Doe LVMPD Officer #2 in their individual
27 capacities.
28 ///

b.      Fourteenth Amendment

The Fourteenth Amendment's due process clause requires that before the government deprives a person of life, liberty, or property, it must give the person notice and an opportunity to be heard. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008).  Here, Plaintiff alleges that the defendants deprived him of his right to liberty and property by incarcerating him for 34 days, which resulted in him losing income and his apartment.  However, Plaintiff alleges that he fought the charges against him in Justice Court and that they ultimately were dismissed based on proof of profiling and "abuse of badge." (Compl. (ECF No. 1-1) at 3.)  Thus, it appears Plaintiff received notice of the charges against him and an opportunity to be heard in Justice Court.  Given that he received notice and an opportunity to be heard, the court will recommend that this claim be dismissed, without leave to amend as amendment would be futile.[2]

3.     *Defendants LVMPD Sheriff and Mayor of Las Vegas*

A defendant is not liable under 42 U.S.C. § 1983 unless he personally participated in the alleged deprivation of the plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "[T]here is no respondeat superior liability under section 1983." *Id.*  However, a supervisor personally participates, and may be liable in his own right, if the supervisor "directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Advancing a policy that instructs subordinates to violate constitutional rights also is a basis for § 1983 liability. *OSU Student All. v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012).

Here, Plaintiff's only factual allegations with respect to the LVMPD Sheriff and the Mayor of Las Vegas are that they "allowed" the LVMPD police officers to violate Plaintiff's civil rights. Plaintiff does not allege that the sheriff or the mayor personally participated in the arrest.  Nor does he allege that the sheriff or the mayor directed Plaintiff's arrest or knew the LVMPD officers intended to make an unlawful, racially-motivated arrest and failed to act to prevent it.  Nor does he allege the sheriff or the mayor advanced a policy requiring the officers to violate constitutional

---

[2] The court notes that amendment to state a Fourteenth Amendment claim against the arresting officers in their official capacities would be futile for the same reasons.

rights. The court therefore will recommend dismissal of the complaint with respect to Defendants LVMPD Sheriff and the Mayor of Las Vegas, with leave to amend.

### 4. Clark County District Attorney

Plaintiff alleges that the Clark County District Attorney attempted to force him into accepting a plea deal to cover up the LVMPD officers' bad acts. However, Plaintiff's complaint does not contain any factual allegations regarding how the Clark County District Attorney violated Plaintiff's Fourth or Fourteenth Amendment rights, which are the only two claims alleged in the complaint. The court therefore will recommend dismissal of the complaint with respect to this defendant, with leave to amend. If Plaintiff chooses to file an amended complaint, he is advised that as a general rule, prosecutors have immunity under § 1983 for activities that are "intimately associated with the judicial phase of the criminal proceedings." *Stapley v. Pestalozzi*, 733 F.3d 804, 808-10 (9th Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, depending on the allegations about the prosecutor, the prosecutor may be immune from suit as a matter of law.

### 5. Amendment

If Plaintiff chooses to file an amended complaint on his own behalf, Plaintiff is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant. Specifically, Plaintiffs must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Finally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. If Plaintiff does not file an amended complaint, this case will proceed only on the Fourth Amendment claim against the arresting officers in their individual

capacities.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.  This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that if Plaintiff does not file an amended complaint, this case will proceed only on Plaintiff's Fourth Amendment unlawful arrest claim against Defendants John Doe LVMPD Officer #1 and John Doe LVMPD Officer #2 in their individual capacities.

IT IS RECOMMENDED that the following claims be dismissed with leave to amend:

- Plaintiff's official capacity claims against Defendants John Doe LVMPD Officer #1 and John Doe LVMPD Officer #2;
- Plaintiff's claims against Defendants LVMPD Sheriff and Mayor of Las Vegas; and
- Plaintiff's claims against the Clark County District Attorney.

IT IS FURTHER RECOMMENDED that the following claim be dismissed without leave to amend as amendment would be futile:

- Plaintiff's Fourteenth Amendment claim against Defendants John Doe LVMPD Officer #1 and John Doe LVMPD Officer #2 in their individual capacities.

IT IS FURTHER RECOMMENDED that the court set a deadline for Plaintiff to file an amended complaint.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may

file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 7, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**