# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE DOLLAR,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

        Defendants.

Case No. 2:15-cv-00712-APG-CWH

**REPORT & RECOMMENDATION**

This matter is before the court on Plaintiff George Dollar's failure to comply with the court's order (ECF No. 5) and order to show cause (ECF No. 7).

**I.    BACKGROUND**

On April 18, 2017, the court entered an order requiring Mr. Dollar to complete and file summons forms and USM-285 forms with respect to John Doe LVMPD Officers #1 and #2 by May 22, 2017. (Order (ECF No. 5).) Mr. Dollar did not comply with that order. On June 15, 2017, the court entered an order requiring Mr. Dollar to show cause in writing by July 17, 2017, why he failed to comply with the court's previous order. (OSC (ECF No. 7).) The order to show cause stated that filing the required summons forms and USM-285 forms would satisfy the court that sanctions are not warranted and that no further response to the show cause order would be required under those circumstances. (*Id.*) The order to show cause warned Mr. Dollar that failure to respond would result in a report and recommendation to the assigned United States district judge that his case be dismissed. (*Id.*) Mr. Dollar has not responded to the order to show cause or filed the summons forms and USM-285 forms and has not requested an extension of time to do so.

/ / /

/ / /

## II. ANALYSIS

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). "Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine*, 460 F.3d at 1226. It is within the court's discretion whether to impose dismissal sanctions. *Id.*

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of terminating sanctions. Mr. Dollar has disengaged from participation in this case, as demonstrated by his failure to comply with the court's orders requiring him to file summons and USM-285 forms and his failure to respond to the court's order to show cause. Mr. Dollar's repeated failures to comply with the court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Mr. Dollar's failures to comply with the court's orders also have interfered with the

court's management of its docket, multiplied these proceedings, and have squandered the court's resources.

The third factor and fourth factors, risk of prejudice to the other parties and the public policy favoring disposition of cases on their merits, also weigh in favor of terminating sanctions. Given that Mr. Dollar is responsible for moving this case forward, his failure to do so has caused delay and is prejudicial to the defendants, who are entitled to conduct discovery, proceed to trial, and obtain a rightful decision in this case. Finally, sanctions less drastic than terminating sanctions are unavailable because Mr. Dollar has failed to comply with multiple court orders. Given Mr. Dollar's failure to comply with past orders, the court has no reason to believe he would comply with future orders. Mr. Dollar was warned that failure to comply with the court's order to show cause would result in a recommendation that dismissal sanctions be entered against him.

Given that these factors all weigh in favor of terminating sanctions, the court will recommend that Mr. Dollar's complaint be stricken and that his case be dismissed as a sanction for his failure to comply with the court's orders.

### III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff George Dollar's Complaint (ECF No. 3) be STRICKEN and that his case be dismissed with prejudice.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 23, 2017

_____
**C.W. Hoffman, Jr**
**United States Magistrate Judge**